UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                  CRIMINAL ACTION

VERSUS

ANTHONY STEPHEN JASE (#05448-095)                         NO. 10-0101-JJB-EWD-3

O R D E R

Pursuant to Order dated February 20, 2015 (R. Doc. 340), the Court granted the United States an extension of time to respond to the Motion to Vacate, Set Aside or Correct Sentence of Petitioner Anthony Stephen Jase. The service copy of the referenced Order, however, which was forwarded to Petitioner at his record address, was returned to the Court as undeliverable, with a notation on the returned envelope indicating that Petitioner is "no longer [confined] in this facility." *See* R. Doc. 342. In addition, the Court has further determined, from a visit to the Bureau of Prisons website (www.bop.gov) that Petitioner was released from confinement in March, 2015 yet has not advised the Court of a change in his record address. Accordingly, on April 25, 2016, the Court entered an Order in this proceeding (R. Doc. 349) directing Petitioner, within twenty-one (21) days, to advise the Court, in writing, whether he wished to continue to proceed with this litigation. Recognizing that it was unlikely that Petitioner would receive a copy of the Court's Order, the Order specifically provided that "a failure to respond to this Order within the time allowed shall be interpreted by the Court as signification that Petitioner does not wish to further proceed with this matter and/or as an indication that he no longer resides at the place provided as his record address and that he has failed to comply with the Court's rules by providing timely notice of his new address." *Id.*

A review of the record now reflects that Petitioner has failed to respond to the Court's Order. He has failed, therefore, to comply with an Order of this Court without providing any justification or explanation for his failure to do so. Moreover, it appears that the Court's Order of April 25, 2016, a copy of which was forwarded to Petitioner at his record address, has again been returned to the Court as undeliverable, with a notation on the returned envelope indicating that Petitioner is "no longer in this facility." *See* R. Doc. 350. It appears, therefore, that Petitioner has likely lost interest in proceeding with this matter since his release from the institution that he provided as his record address.

Pursuant to Local Civil Rule 41(b)(4), the failure of a *pro se* litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. In addition, the imposition of a sanction under Rule 16 of the Federal Rules of Civil Procedure is called for under these circumstances because Petitioner has failed, without justification, to comply with an Order of the Court, and this failure critically impedes the Court's ability to proceed in this case. As a practical matter, the case cannot proceed if Petitioner cannot be located or contacted. Further, the imposition of a sanction less severe than dismissal is not feasible and would likely be futile. Were the Court to impose a less severe sanction, there would be no means by which to give Petitioner notice of that sanction. A sanction that is unknown to the sanctioned party and, for that reason, cannot be enforced is no sanction at all. Therefore, the imposition of a sanction short of dismissal, without prejudice, would be ineffective under the circumstances of this case. The Respondent is also entitled to a final resolution of the claims brought herein. Petitioner's failure to appear or respond to the Court's Order deprives the Respondent of an opportunity to address

Petitioner's claims. The best interests of justice do not require that the Respondent remain subject to Petitioner's allegations until Petitioner decides to proceed as required in his case. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 (R. Doc. 327) shall be dismissed as a result of Petitioner's failure to prosecute his claims and failure to comply with an Order of this Court. Therefore,

**IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 (R. Doc. 327) be dismissed, without prejudice, as a result of Petitioner's failure to prosecute his claims and failure to comply with an Order of this Court. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this  6th  day of February, 2017.

**JAMES J. BRADY**
**UNITED STATES DISTRICT JUDGE**